UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PRISCILLA RIVERA,

    Plaintiff,

vs.                                    CASE NO.: 8:23-cv-01144

CAE USA, INC.,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, PRISCILLA RIVERA, (hereinafter "Plaintiff" or "Ms. Rivera"), a Florida resident, by and through the undersigned counsel, hereby sues Defendant, CAE USA, INC., (hereinafter "Defendant" or "CAE USA") and alleges:

**JURISDICTION AND VENUE**

1.    This is a civil action by Plaintiff against her former employer for monetary damages, declaratory relief and for other equitable relief pursuant to the Florida Civil Rights Act ("FCRA") §760.01, *et al*, and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA").

2.    This Court has jurisdiction of the claims herein pursuant to 28 U.S.C § 1331 and 28 U.S.C. § 1343.

3.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the events and omissions giving rise to this claim occurred in this district.

## PARTIES

4. Plaintiff is a resident of the State of Florida and is a protected employee under the FCRA and the ADA as a person with a disability.

5. The Defendant, CAE USA, INC., is a for-profit corporation with its principal address at 4908 Tampa West Boulevard, Tampa, Florida 33634 which is located in the Middle District of Florida.

6. Plaintiff has satisfied all conditions precedent to bringing this action.

## GENERAL ALLEGATIONS

7. Ms. Rivera is a 33-year-old woman with Primary Progressive Multiple Sclerosis. This is a disease in which the immune system attacks the protective covering of her nerves and impacts her ability to walk and maintain her balance. Her condition also places her at high risk of complications from Covid-19.

8. On June 18, 2018, Ms. Rivera began working for CAE USA as the Administrative Assistant of Program Management and Customer Service Support.

9. She was hired by the Director of Program Management, Gregg Bonert, and earned an hourly wage of $20.40.

10. In September 2018, Ms. Rivera received the diagnosis for her Multiple Sclerosis.

11. Shortly after, Ms. Rivera disclosed her diagnosis with Mr. Bonert, and he agreed to keep it confidential. Mr. Bonert allowed Ms. Rivera to take time off for

doctor's appointments as needed and supported her when issues related to her condition arose. Ms. Rivera complied with company protocol and filed for Intermittent FMLA with Defendant's Third-Party Certified ADA Administrator, Lincoln Financial, as needed for doctor's appointments.

12. In late February 2020, Ms. Rivera was furloughed from her position for two months due to the Covid-19 pandemic.

13. During the furlough, her condition worsened considerably due to inactivity.

14. In May 2020, Defendant asked Ms. Rivera to return to work and come into the office two days a week. Ms. Rivera returned to the office at this time and worked two days a week in the office while the office was still mostly vacant from the majority of its employees due to covid.

15. Upon Ms. Rivera's return, Mr. Bonert agreed to install a cubicle around her desk to create some protection against contracting covid. Ms. Rivera's prior desk had been out in the open like a receptionist's desk.

16. In April 2021, Mr. Bonert retired, and Nicholas Coucoules replaced him as the new Director of Program Management.

17. During Mr. Coucoules' first week as Director of Program Management, Ms. Rivera confidentially informed him that she had Multiple Sclerosis. She told him so that he would understand her concerns for contracting covid, allow her to

primarily work remotely, and understand her reason for requesting time off for doctors' visits.

18. After their conversation, Ms. Rivera noticed an obvious change in the way Mr. Coucoules treated her. Mr. Coucoules became very harsh and abrupt in his communications with Ms. Rivera and exhibited a general coldness towards her.

19. As Mr. Coucoules's Administrative Assistant, Ms. Rivera's job consisted primarily of managing the office supplies, managing the departments calendar and events, answering the Director's phone line, electronically submitting company expense reports, and coordinating both internal and external events.

20. In April 2021, Ms. Rivera asked Mr. Coucoules if he was interested in having the IT department set up his office phones in a way to allow her to answer his incoming calls remotely, rather than having the calls go straight to him when he was out of the office. He declined this proposal and opted to simply answer his own phone when Ms. Rivera was not in the office.

21. In August 2021, Ms. Rivera asked to work from home full-time and CAE USA granted her request.

22. However, Human Resources Business Partner Michelle Kans immediately began pressuring Ms. Rivera to return to working in the office without providing a legitimate explanation of why this was necessary.

23. When Ms. Rivera asked Ms. Kans why she could not work from home

4

full-time, Ms. Kans told her that Mr. Coucoules needed her in the office to scan in his receipts for expense reports and to replace the toner cartridges in the printers. Ms. Kans provided no other reason or explanation for why Ms. Rivera needed to return to the office.

24. Mr. Counoulas was fully capable of scanning in his own receipts with minimal disruption to his work. To complete this task he simply needed to walk to the printer/scanner, place the receipt on the scanner, and select "scan to email." Ms. Rivera had set this function up for his convenience.

25. Additionally, Ms. Rivera had taken initiative and asked Suzie Roberts to take over the job of replacing the toner and paper in the printers.

26. In fact, Ms. Robert's supervisor, Mark Thatcher, informed Ms. Rivera that Ms. Roberts should have been completing this task all along as it was part of her job function.

27. In February 2022, HR informed Ms. Rivera—if she wanted to continue working from home full-time—that she needed to file an ADA request for accommodation with their Third-Party Certified ADA Administrator, Lincoln Financial.

28. At the end of February 2022, Ms. Rivera filed an ADA request with Lincoln Financial to seek an accommodation to work from home full-time. Ms. Rivera provided a patient release to Lincoln Financial, granting full access to her

5

medical records as part of the request for accommodation.

29. In February 2022, Triska Henry-Byrd, an agent of Lincoln Financial, investigated Ms. Rivera's request for accommodation by reviewing her medical records and her job description and determined that Ms. Rivera could perform the essential functions of her job while working remotely full-time.

30. In March 2022, Lincoln Financial submitted its approval to CAE USA of Ms. Rivera's request for accommodation to work remotely full-time.

31. In April 2022, CAE USA informed Ms. Rivera that it was rejecting the recommendation from Lincoln Financial and would require her to return to work full-time in person.

32. Ms. Rivera informed CAE USA that because of her condition she was unable to return to work full-time and would need to continue working remotely from home as she had for the previous nine months.

33. Ultimately, in response to this request, CAE USA constructively terminated her employment. Other administrative assistants in the company are still permitted to work remotely full-time. Additionally, several other employees are working remotely full-time to this day.

34. Defendant forced Plaintiff to resign from her position when it refused to grant her a reasonable medical accommodation despite knowing that she needed the accommodation and having demonstrated in the past that it could grant her the

accommodation without experiencing an undue hardship.

35. Plaintiff has suffered damages because of Defendant's discrimination based on her disability.

36. Plaintiff has incurred costs and attorney's fees in bringing this matter.

## COUNT I
## VIOLATION OF THE FCRA
## DISABILLITY DISCRIMINATION

37. Plaintiff, PRISCILLA RIVERA, re-alleges and incorporates by reference the allegations set forth above in paragraphs one (1) through thirty-six (36) as if set forth fully herein.

38. Plaintiff brings an action under the Florida Civil Rights Act of 1992, § 760.01, *et al.,* for Defendant's treatment of her which resulted in her constructive termination.

39. Plaintiff suffers from Primary Progressive Multiple Sclerosis.

40. Plaintiff was qualified to perform her work as an Administrative Assistant of Program Management and Customer Service Support.

41. Plaintiff spoke with a prior supervisor, Mr. Bonert, about her disability, and he allowed Plaintiff to take doctor's appointments as needed and supported her when issues related to her condition arose.

42. Additionally, in late February 2020, Mr. Bonert agreed to install a cubicle to create some protection against contracting covid while in the office.

43. In April 2021, Mr. Coucoules replaced Mr. Bonert as the new Director of Program Management, and Plaintiff informed Mr. Coucoules about her disability.

44. Plaintiff told him so that he would understand her concerns for contracting covid, continuing to primarily work remotely, and her reason for requesting time off for doctors' visits.

45. Plaintiff began experiencing a hostile work environment following her conversation with Mr. Coucoules.

46. Defendant discriminated against Plaintiff by requiring Plaintiff to return to working in the office full time, despite the recommendation from Lincoln Financial that Defendant could accommodate Plaintiff by allowing her to work remotely full-time.

47. Defendant violated the FCRA by failing to grant her request for a reasonable accommodation.

48. Defendant knew or should have known about the discrimination alleged herein.

49. Defendant is liable for the discrimination alleged herein. These actions all adversely affect the terms and conditions of Plaintiff's employment in violation of the FCRA.

50. As a direct, proximate and foreseeable result of the Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and

suffering, further deterioration of the myelin sheath protecting her nerves as result of exacerbation of her Multiple Sclerosis Condition from stress related to these events, past and future pecuniary losses, loss of benefits, inconvenience, embarrassment, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past and are permanent and continuing.

**WHEREFORE**, Plaintiff, PRISCILLA RIVERA, demands entry of a Final Judgment against Defendant, CAE USA, INC., for the following:

    A.    An award of Back Pay damages;

    B.    An award of Front Pay damages;

    C.    Compensatory Damages for mental anguish, exacerbation of her multiple sclerosis from stress, loss of enjoyment of life, and humiliation;

    D.    Prejudgment interest;

    E.    Reasonable attorney's fees and costs; and

    F.    All such other relief as the Court deems just, equitable and appropriate.

## COUNT II
## VIOLATION OF THE ADA
## DISABILITY DISCRIMINATION

51.	Plaintiff, PRISCILLA RIVERA, re-alleges and incorporates by reference the allegations set forth above in paragraphs one (1) through thirty-six (36) as if set forth fully herein.

52.	The ADA makes it unlawful to discriminate against employees for a disability or perceived disability.

53.	Plaintiff suffers from Primary Progressive Multiple Sclerosis.

54.	Plaintiff was qualified to perform her work as an Administrative Assistant of Program Management and Customer Support.

55.	Plaintiff spoke with a prior supervisor, Mr. Bonert, about her disability, and he allowed Plaintiff to take doctor's appointments as needed and supported her when issues related to her condition arose.

56.	Additionally, in late February 2020, Mr. Bonert agreed to install a cubicle to create some protection against contracting covid.

57.	In April 2021, Mr. Coucoules replaced Mr. Bonert as the new Director of Program Management, and Plaintiff informed Mr. Coucoules about her disability.

58.	Plaintiff told him so that he would understand her concerns for contracting covid, continuing to primarily work remotely, and her reason for requesting time off for doctors' visits.

59. Plaintiff began experiencing a hostile work environment following her conversation with Mr. Coucoules.

60. Defendant discriminated against Plaintiff by requiring Plaintiff to return to working in the office full time, despite the recommendation from Lincoln Financial that CAE USA could accommodate Plaintiff by allowing her to work remotely full-time.

61. Defendant violated the ADA by failing to grant her request for a reasonable accommodation.

62. Defendant knew or should have known about the discrimination alleged herein.

63. Defendant is liable for the discrimination alleged herein. These actions all adversely affect the terms and conditions of Plaintiff's employment in violation of the ADA.

64. As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has suffered loss of employment compensation, privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to her professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by the Defendant's actions.

**WHEREFORE**, Plaintiff, PRISCILLA RIVERA, demands entry of a Final Judgment against Defendant, CAE USA, INC., for the following:

A.    An award of Back Pay damages;

B.    An award of Front Pay damages;

C.    Compensatory Damages for the Hostile Work Environment including mental anguish, loss of enjoyment of life, and humiliation;

D.    Prejudgment interest;

E.    Reasonable attorney's fees and costs; and

F.    All such other relief as the Court deems just, equitable and appropriate.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury.

Dated this 23rd day of May, 2023.

                                              */s/ Gary L. Printy, Jr.*
                                              **GARY L. PRINTY, JR. ESQ.**
                                              Florida Bar No. 41956
                                              **PRINTY & PRINTY, P.A.**
                                              5407 N Florida Ave
                                              Tampa, FL 33604
                                              (P): (813) 434-0649
                                              (F): (813) 423-6543
                                              Email: garyjr@printylawfirm.com
                                              *Attorney for Plaintiff*